Judge Robertson
delivered the opinion of the Court.
Ford delivered to Pritchard two horses, and $1.30 or $135, to pay to Reiser for a mill, which Pritchard had bought from Reiser. Pritchard paid the horses and money to Reiser accordingly. It is proved that Ford said afterwards, that he was a partner with Pritchard, in the mill. It seems that Ford and Pritchard 44 fell out,” and Ford is not known to have had any legal interest in the mill, or ever to have received any profit from it. After the rupture between him and Pritchard, Ford brought an indebitatus assumpsit against Pritchard, for money had and received, and recovered a verdict and judgment for the value of the horses and for the money, which had been appropriated by Pritchard towards paying for the mill. The foregoing facts were proved on the trial; and it was also proved, that Pritchard told witness that he would pay Ford, if he would have property valued.
Pritchard seeks to reverse this judgment, on two grounds, to-wit: 1» That indebitatus assumpsit for *544 money had and received, could not be maintained for the horses. 2. That no action at law was maintainable, as the parties were proved to have been partners.
Indebitatus assumpsit can be brought only for moneyi And the delivery or sale of property, will not sustain indébitalus assumpsit, for money had and received. But if the property of one person has been converted into money by another, a promise to pay the money to the owner of the property may be implied. The money is received to his use; Lord Raymond, 1007; Douglas* 137; 2 Comynon Contracts, 19-20. The reason why assumpsit for money had and received, will not lie for property, is, that in such a case, the defendant is not notified by the declaration, of the specific character of the demand. But when the property Of one person has been sold for money by another, as the law implies that the money was received to the use of the owner of the property, a declaration in assumpsit for money had and received to the plaintiff’s use, is sufficient notice to the defendant, and will correspond with the proof. But assumpsit for money had and received; can not be maintained, unless the consideration be money. If one pay to another money through mistake, or on a consideration which shall have failed, the law supposes the payment to be made to the use of him who makes the advance and “ex equo et 6ono,” implies a promise to restore the amount.
So if one man convert into money, a chattel of another, he is a trustee of the money for the owner of the chattel, .and by construction of law, the money is received to his use. ■ Hence, in any case in either of these classes, indebitatus assumpsit for money had and received, may be sustained.
But if the chattel be sold by its owner, a subsequent sale of it by his purchaser, will not authorize the first seller to sue for the price in a count for money had and received to his use; because, the money is not received in fact or by intendment of law to his use. The sole consideration for the liability of the purchaser from him, is the purchase of the chattel. The seller therefore, must state the consideration in his declaration, to be property and not money. A plaintiff must declare according to the facts of his case, or according *545 to their legal effect. He would do neither in the case last stated,if he should declare for money received to his use by the defendant.
In this case, if the horses were delivered by Ford to Pritchard, for the purpose of being paid to Reiser, either for the benefit of Pritchard or himself, he could not sue for monéy received by Pritchard to his use. Pritchard received from him no money. If the horses were paid over to Reiser, for Pritchard aloné, without any express contract for payment of the price to Ford, the law would imply a coutract for their value; and then Ford must declare on a “ quautum valebat,” for the property delivered, ánd not for money had and received. If Ford were a partner with Pritchard in the mill, and the horses were paid on his own account, surely he can not recover their value from Pritchard, in an action for money received by Pritchard to hi's use’. But although he may have been concerned in interest as a partner, he might recover in the appropriate action at law, for the horses and the money. For the nature and extent of the partnership do not appear. It is not known that Ford had any interest in the title to the mill; and for aught that appears, his interest may have been in the profits alone. Hence the payment of the money and horses for the mill, might not have been embraced in the partnership concern. Besides, it seems that the contract of partnership, was not carried into effect. The general reason, therefore, why a suit at law can not be maintained by one partner against another, for a partnership concern^ doés not apply to this case.
And if it had been proved, that Ford and Pritchard were partners in the purchase of the mill, as there is no evidence that Pritchard had paid any part of the price, the jury were at liberty to infer, that the only payment which had been made, was that made with the money and horses of Ford. And on this hypothesis Ford might be allowed to recover in a suit at law. A partner who pays solely a demand on the firm, may maintain assumpsit for it, especially after dissolution; Gow, 113.
T herefore, in assumpsit for the value of the horses, I’ord might be entitled to a judgment against Pritch *546 arel. He had a right to a judgment for the money paid, in the suit for money had and received, but be had no right in this suit to a judgment for the value of the horses. There is no count (hat will embrace the evidence as to them. Therefore,- the judgment to this extent and for this reason, is erroneous. There is not only no evidence that Pritchard received money for the horses, but it is certain that he did not: and it he had sold them forsnoney, Ford could not recover the amount in assumpsit for money had and received, because he had either sold them to Pritchard, and therefore must sue on his contract express or implied, or he had paid them on his own account, and therefore could recover for them, only in a speeiai assumpsit, on-appropriate allegations corresponding with the proof.
Crittenden, for plaintiff; Triplett, for defendant?
The objection that there was no issue on the plea of set off| could not avail Pritchard, ft was his fault, that there was no issue on this plea. He failed to rejoin to the replication of the statute of limitations. Therefore, he has no right to object that no issue was concluded on this plea. For it is an established doctrine, that the party who occasions a deficit of pleading, can not take advantage of his own wrong or omission, if there be (as in this case,) any issue on which to establish the verdict, and that verdict be against him.
But as, according to the evidence, the jury had no right to find for Ford more than the amount advanced by him in money towards paying for the mill; the judgment must be reversed, the verdict set aside, and the cause, remanded for anew' trial; in which, as there seems to have been some mistake in the pleadings, the court may permit the parties to amend them, if they shall desire to doso; in which event, the decía ration' and the other pleadings may be so shaped as to embrace the whole controversy between the parties.
Ford must pay the costs in this court.